ERBES, RESPONDENT, v. SMITH, APPELLANT.

(No. 2,343.)

(Submitted January 10, 1907.  Decided January 28, 1907.)

(88 Pac. 568.)

*Action for Waste—Pleadings—Quieting Title—Erroneous Judgment—Instructions—Evidence—Declarations—Appeal.*

Waste—Money Judgment—Pleadings—Quieting Title—Erroneous Judgment.
1.  The only relief demanded in the complaint in an action for waste was a money judgment.  As a defense an equitable title to the land by virtue of a verbal contract to purchase was pleaded and defendant asked that his title be quieted as against any claims of plaintiff. Nothing in the answer partook of the nature of an affirmative cause of action or counterclaim.  Plaintiff's reply, among other things, demanded that her title be quieted as against defendant.  *Held*, that the district court erred in rendering judgment for plaintiff for the possession of the land and quieting her title, the pleadings not justifying such a decree.

Same—Pleadings—Answer—Counterclaim.
2.  The demand made by the defendant in his answer, filed in an

action for waste, that his title be quieted, which demand was not based upon a properly pleaded cause of action or counterclaim should have been disregarded.

Same—Instructions—Measure of Damages.

3. An instruction, submitted in an action for waste, that plaintiff was entitled to recover at least the full value of the detriment to the land, was not objectionable as intimating that a verdict for more than the full value of the detriment could be returned, where the complaint was based upon a claim for the actual value of the property removed, and where plaintiff's witnesses testified only as to such value.

Same—Instructions—Measure of Damages.

4. Even though the court in an instruction, given in an action for waste, stated that, if they found for plaintiff, she was entitled to recover the full value of the detriment to the land, where the evidence of plaintiff was limited to the value of certain buildings and fences for the removal of which damages were sought, the jury could not have been misled or understood otherwise than that they were to base their verdict upon the testimony of the witnesses only.

Same—Damages—Evidence—Admissibility.

5. In an action for waste, where defendant's only objection to the testimony of plaintiff's witnesses as to the value of the buildings and fences removed from the premises was that the witnesses had not shown themselves qualified to testify, he could not complain that he was not permitted to offer evidence of the value of the land before and after he removed plaintiff's improvements and substituted his own.

Same—Evidence—Declarations—Admissibility.

6. Where, in an action for waste, plaintiff's husband appeared only as a witness in the case, and no conspiracy between him and plaintiff to defraud the defendant out of the property, alleged by defendant to have been sold to him, had been proven, and no foundation laid for impeaching him, evidence touching a conversation had by another witness with him was properly excluded.

Same—Evidence—Offer of Proof—Appeal—Review.

7. In the absence of an offer of proof showing what the defendant in an action for waste intended to prove by the answer to a question asked a witness, as to what plaintiff's husband had said to him in relation to his or her interest in the land, for a removal of buildings and fences from which damages were sought, the supreme court on appeal is not in a position to say from a mere reading of the question that the answer was erroneously excluded.

Same—Evidence—Writings—Exclusion—Review.

8. Where, in an action for waste, it appeared from defendant's testimony that the jury were fully informed as to when, where and under what circumstances certain memoranda, in relation to an alleged sale of the premises to defendant, had been made, together with their contents, their exclusion from a physical inspection of the jury cannot be said, on appeal, to have been prejudicial to defendant, especially where the memoranda were not incorporated in the record.

*Appeal from District Court, Cascade County; J. B. Leslie, Judge.*

Action by Esther Erbes against Alonzo Smith. From a judgment in favor of plaintiff, and from an order denying him a new trial, defendant appeals. Modified and affirmed.

*Messrs. Downing & Stephenson,* and *Mr. Jesse B. Roote,* for 'Appellant.

*Mr. Geo. H. Stanton,* and *Mr. J. A. McDonough,* for Respondent.

A party is bound in the appellate court, as to the nature and form of action, by the theory upon which it was tried. Thus, if a cause of action is tried as an action at law, it cannot be contended on appeal that it is really a suit in equity. (*Kostuba* v. *Miller,* 137 Mo. 161, 38 S. W. 946.) Conversely, where a case is by both parties regarded as an equity case in the court below, to be tried by the court without a jury, the question as to whether it is in fact a law case will not be considered on appeal. (*Hardin* v. *Clark,* 32 S. C. 480, 11 S. E. 304.) For like reasons, if a particular construction has been placed upon the pleadings in the court below, a different construction cannot be urged upon appeal. Thus the construction of pleadings as to their nature and form which is placed upon them in the trial court must be adhered to on appeal. (*San Diego Land etc. Co.* v. *Neale,* 88 Cal. 50, 25 Pac. 977, 11 L. R. A. 604; *Wilstach* v. *Heyd,* 122 Ind. 574, 23 N. E. 963; *Keyes* v. *Minneapolis etc. Ry. Co.,* 36 Minn. 290, 30 N. W. 888; *Harwood* v. *Toms,* 130 Mo. 225, 32 S. W. 666; *Feneran* v. *Singer Mfg. Co.,* 20 App. Div. 574, 47 N. Y. Supp. 284; *Southern Pac. R. Co.* v. *Kennedy,* 9 Tex. Civ. App. 232, 29 S. W. 394.) Accordingly, where a defendant styles his answer a counterclaim and the trial proceeded on that idea, he will not upon appeal be permitted to claim that it was a cross-complaint. (*McAbee* v. *Randall,* 41 Cal. 136.) On the other hand, when an answer setting up affirmative matter is treated as a counterclaim in the trial court, it will be so treated on appeal. (*Wilson* v. *Carpenter,* 62 Ind. 495.)

While an appellate court will ordinarily review only such issues as are tendered by the pleadings, yet where a case has been tried without objection as though the pleadings raised a certain issue, the objection, that the issue was not raised by the pleadings, cannot be made for the first time in the appellate court. (*Flinn* v. *Ferry,* 127 Cal. 648, 60 Pac. 435; *Barbour* v. *Flick,* 121 Cal. 628, 59 Pac. 122; *Casey* v. *Leggett,* 125 Cal. 664, 58 Pac. 264; *Golstein* v. *Reynolds,* 190 Ill. 124, 60 N. E. 65; *Schopp* v. *Taft,* 106 Iowa, 612, 76 N. W. 843; *Humbert* v. *Larson,* 99 Iowa, 275, 68 N. W. 703; *German-American Bank* v. *Daly,* 88 Hun, 608, 34 N. Y. Supp. 986; *Cook etc. Co.* v. *Haan,* 21 Misc. Rep. 346, 47 N. Y. Supp. 131; 2 Century Digest, tit. "Appeal in Error," sec. 1056 et seq.; 2 Cyc. 672.)

Applying these familiar principles to the case at bar, we find that appellant having tried this cause upon the theory that it was an equitable action to quiet title, and having actually sought a decree upon that basis in the district court, cannot now for the first time upon appeal endeavor to escape the consequences of an adverse decision upon the issue of title by calling his equitable counterclaim.

Since the plaintiff relied upon title in herself, no cross-complaint was necessary, and none would have been required, even though the original complaint were silent upon the question of title. A mere denial of the allegations of defendant's equitable counterclaim would have been sufficient. (*Miller* v. *Luco,* 80 Cal. 257, 261, 22 Pac. 195; *Wilson* v. *Madison,* 55 Cal. 5; *Mills* v. *Fletcher,* 100 Cal. 142, 34 Pac. 637; *Germania B. & L. Assn.* v. *Wagner,* 61 Cal. 349; 17 Ency. of Pl. & Pr. 354.)

The mere fact that damages only were prayed for in the original complaint could not possibly furnish any reason for holding that title to the real estate was not put in issue, since even under the rigid rules of the common law, the question of title might arise in an action of trespass or for damages to land, and a judgment rendered in that form of action by a court of competent jurisdiction would conclude the parties. (*Branson* v.

*Studebaker,* 133 Ind. 147, 33 N. E. 98, 101; *Campbell* v. *Cross,* 39 Ind. 155; *Parker* v. *Bussell,* 3 Blackf. 411.)

It matters not that the prayer of the original complaint was for damages, since a court is "not confined to the prayer alone in ascertaining the relief proper to be granted." (*Leopold* v. *Silverman,* 7 Mont. 266, 282, 16 Pac. 580.) And "a party is entitled to the relief which the facts alleged and proved warrant, whether his prayers are answered or not." (*Gillett* v. *Clark,* 6 Mont. 190, 192, 9 Pac. 823; *State* v. *Tooker,* 18 Mont. 540, 547, 46 Pac. 530, 34 L. R. A. 315; *Kleinschmidt* v. *Steele,* 15 Mont. 181, 188, 38 Pac. 827; *Davis* v. *Davis,* 9 Mont. 267, 23 Pac. 715.)

Where matter set up in the reply is treated by the parties as an amendment to the petition, it will be so considered on appeal as the rights of the parties have been fairly and fully considered. (*Ruffner* v. *Ridley,* 81 Ky. 165.) It has been frequently held that the omission of the complaint to state a fact necessary to make out the cause of action intended is cured by an allegation of the fact in the reply, if defendant accepts the reply and goes to trial without objection. (*Raplee* v. *Wilkin,* 5 N. Y. Week. Dig. 560; *Denver etc. R. Co.* v. *Cahill,* 8 Colo. App. 158, 45 Pac. 285; *Johnson* v. *Cummings,* 12 Colo. App. 17, 55 Pac. 269; 2 Abbott's Trial Brief Pleadings, 1170.)

MR. JUSTICE SMITH delivered the opinion of the court.

When this action was begun in the district court of Cascade county, on January 24, 1905, it was purely an action at law, for damages alleged to have been sustained by plaintiff on account of waste committed by the defendant as a tenant of certain ranch lands described in the complaint.

The plaintiff by her complaint alleged that she and her husband, John H. Erbes, leased and let to defendant for the term of two years from March 2, 1903, for a certain rental consideration, the premises described; that during the period of such occupation the defendant committed waste thereon; that in De-

cember, 1904, "the defendant wrongfully, and without right or authority so to do, tore down, demolished, removed, carried away, and appropriated to his own use, a certain dwelling-house, in size about sixteen feet by twenty-two feet, situated on said lands, and then and there being of the value of $750, to the actual damage of the plaintiff in the sum of $750." We quote this language of the complaint because the defendant complains of the view entertained by the trial court as to the measure of damages under the issues in the pleadings.

In substantially the same language plaintiff alleged that defendant tore down and carried away one stable, of the value of $375, one coalshed, of the value of $20, one chicken-house, of the value of $40, one outhouse, of the value of $15, one corral fence, of the value of $20, and one other wire fence, of the value of $75. She says that at the time the waste was committed the property was the "community property" of herself and husband, but that since said date the husband has conveyed all his interest in the lands, buildings, and fences, and in the cause of action for damages, to her. She then proceeds to allege: "That in addition to the values of all said buildings and fences, as aforesaid, and the actual damage sustained by the plaintiff, to wit, the sum of $1,295, the plaintiff, by reason of said wrongful acts and waste so committed, has been further greatly damaged and the value and utility of said lands appreciably reduced. That by reason of the premises the plaintiff is entitled to have the said actual damages trebled pursuant to the provisions of section 1301 of the Code of Civil Procedure." Plaintiff then demands judgment for the sum of $1,295, actual damages, and asks that said sum be trebled so that she may recover $3,885.

By his answer defendant denied the leasing, and traversed the values placed upon the buildings and fences by the plaintiff. He then alleges that the property described in the complaint belonged to plaintiff's husband, John H. Erbes, on May 9, 1904; that on said date John H. Erbes sold the same and delivered possession thereof to defendant; that under and in pur-

suance of said sale defendant immediately entered upon said land, cleared a part of the same, built dikes, made ditches and other valuable improvements thereon. He denies that at the time of the alleged sale to him, plaintiff had any title or interest in said land. He says that on January 24, 1905, the marriage of plaintiff and John H. Erbes was dissolved; and that plaintiff had knowledge of said sale and of his possession thereunder. He then proceeds to explain that he did not get a deed from said John H. Erbes at the time of the sale, because plaintiff had an inchoate right of dower in the land and refused to join in a conveyance, but that John H. Erbes promised to give his individual deed, provided plaintiff could not thereafter be induced to sign. He alleges that on or about January 21, 1905, plaintiff and John H. Erbes entered into a conspiracy to defraud and cheat him out of said property, and that, in furtherance of the conspiracy, John H. Erbes, on January 24, 1905, pretended to convey the property to Esther, without consideration. Finally, he avers that, since the decree of divorce, Esther has had no interest of any nature in the property, and asks that her complaint be dismissed, and for equitable relief as follows: "That the title of the defendant herein in and to the said property * * * be forever quieted as against all claims of the plaintiff, and all other persons claiming by, through or under her."

By her replication plaintiff sets forth that the original purchase price of the land was $2,000, of which she paid $500 out of her separate estate, John H. Erbes paid $500, and the balance was represented by a mortgage on the place, which is still unpaid; that at the time of the purchase it was agreed that John H. Erbes should, for convenience, take the title in his name and hold the same as a homestead, one-half thereof being actually the property of the plaintiff; and that defendant was aware of these facts. She further alleges that her husband never sold the property, or any thereof, to defendant, or ever put him in possession thereof otherwise than as a tenant, or, if he did, that he had no right so to do. She denies that she ever had any knowledge that defendant made any such claim until he filed his an-

swer in this case. She then prays that her title be quieted as against the defendant.

The cause was tried to a jury, the court submitting five special questions and a general verdict. The jury found that John H. Erbes did not by verbal contract sell the property to Smith; that Smith did not enter upon the land in reliance upon any such verbal contract or pursuant thereto; that Smith had notice that plaintiff had furnished a part of the purchase price of the property, and knew that plaintiff was, or claimed to be, the owner of an interest therein. The court told the jury by instruction No. 9, that, if they found for the plaintiff, they should fix the amount of damages, and that they had the privilege, in their discretion, of trebling the amount so found.

In reply to interrogatory No. 5 the jury answered that the damages should be trebled, and by their general verdict they found for the plaintiff and assessed her damages at the sum of $1,590. The court denied defendant's motion to set aside the findings of the jury and make findings in favor of the defendant in lieu thereof, and thereupon adopted the findings of the jury, made an additional finding that on January 23, 1905, John H. Erbes for a good and valuable consideration sold, and by proper deed in writing conveyed, his interest in the real estate described in the complaint to plaintiff, and decreed that defendant take nothing by his answer, "equitable counterclaim, or alleged cause of action against the plaintiff"; that plaintiff is the sole owner in fee simple of the lands described, and since March, 1905, has been entitled to exclusive possession thereof, and that her title and right thereto is good and valid as against any and all claims of the defendant; and that she have and recover of defendant the sum of $1,590, as fixed by the jury, together with her costs.

Upon defendant's motion for a new trial, the court made an order denying the same on condition that within twenty days plaintiff file consent to the reduction of the judgment to $530, which consent was filed. Defendant appeals from the judgment and an order denying him a new trial.

Appellant contends that the evidence is insufficient to sustain a judgment against him for $530, even construing it most favorably to plaintiff. We cannot agree with this contention. The evidence was conflicting, but we are inclined to the opinion that plaintiff had the greater weight of it, so far as substantive testimony is concerned. Indeed, defendant's own testimony leaves in one's mind doubts as to what the bargain really was as contended for by him. So far as his claim that the amount awarded by the jury, to wit, $530, is greater than can be figured out from the highest estimates given by plaintiff's witnesses, is concerned, we find that the highest values placed on the different buildings and fences by those witnesses aggregate more than the sum fixed by the jury.

Appellant strenuously argues that the district court erred in rendering a judgment or decree for plaintiff for the possession of the land and quieting her title thereto, because, as he says, the pleadings do not justify such a decree, the cause of action stated in the complaint being an action at law only, and it being apparent from the allegations thereof that at the time the action was commenced, the defendant was still entitled to the possession of the lands under the terms of his lease. The only relief demanded in the complaint is a judgment for money. As a defense the defendant pleaded an equitable title to the land. There is nothing in the answer in the nature of an affirmative cause of action or counterclaim. Sections 690 and 691 of the Code of Civil Procedure are as follows:

"Sec. 690. The answer of the defendant must contain: 1. A general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief, or a specific admission or denial of some of the allegations of the complaint, and also a general denial of all the allegations of the complaint not specifically admitted or denied in the answer; 2. A statement of any new matter constituting a defense or counterclaim."

"Sec. 691. The counterclaim, specified in the last section, must tend, in some way, to diminish or defeat the plaintiff's re-

covery, and must be one of the following causes of action against the plaintiff, or, in a proper case, against the person whom he represents, and in favor of the defendant, or of one or more defendants, between whom and the plaintiff a separate judgment may be had in the action: 1. A cause of action arising out of the contract or transaction, set forth in the complaint, as the foundation of the plaintiff's claim, or connected with the subject of the action. 2. In an action on contract, any other cause of action on contract, existing at the commencement of the action.''

The allegations of defendant's answer, if proven, constituted a complete defense to plaintiff's claim of damages for waste. It was literally a statement of new matter constituting a defense and contains none of the elements of a counterclaim. As to whether it was necessary to plead the same affirmatively, we express no opinion. It is a contradiction in terms to say that a defendant may have affirmative relief without pleading a counterclaim or counter-action against the plaintiff, because there is nothing upon which to base the judgment or decree. It will be observed that the counterclaim must be a ''cause of action'' against the plaintiff. Section 699 of the Code of Civil Procedure provides that each defense or counterclaim must be separately stated and numbered; and section 701 is as follows:

''Sec. 701. Where the defendant deems himself entitled to an affirmative judgment against the plaintiff, by reason of a counterclaim interposed by him, he must demand the judgment in his answer.''

In the case of *Hungarian Hill G. M. Co.* v. *Moses,* 58 Cal. 168, cited by appellant, the court says: ''The answer of the defendants contained none of the elements of a cross-complaint, as distinguished from a defense to plaintiff's action, and contained no prayer for affirmative relief,'' and struck out that part of the decree quieting defendant's title, although plaintiff's action was brought to quiet its title. In the case at bar we have a demand by defendant that his title be quieted, but a demand not

based upon a properly pleaded cause of action should have been disregarded.

But plaintiff insists that this cause was treated in the trial court as an action in equity, and therefore should be so treated here, and that part of the decree quieting her title allowed to stand. Cases are cited to the effect that the theory upon which a case is tried must be adhered to on appeal. But that is not this case. The objection to this decree is that it adjudicates a matter not in issue; that is to say, it grants affirmative relief because it is demanded in a reply, although there is no pleading upon which to predicate the prayer therefor. It is also undoubtedly true, as contended for by defendant, that according to the allegations of the complaint, his lease had not expired at the time of the commencement of the action.

Appellant assigns error upon the action of the trial court in giving the following instruction to the jury, the same being a part of instruction No. 3: "You are further instructed that, if the said John H. Erbes did not sell to the defendant the said land on or about the 9th of May, 1904, as claimed in his answer, or if he did so sell to him on or about said time, but the defendant has not made lasting and valuable improvements upon said land between the 9th of May, 1904, and the 23d of January thereafter, plaintiff would be entitled to recover at least the full value of the detriment caused to said land by the removal by the defendant of any of the buildings referred to in the complaint from said land." The assignment of error is as follows: "This instruction is erroneous because, in instructing the jury that plaintiff is entitled to recover at least the full value of the detriment to the land, the jury is left to the belief that a verdict may be rendered for more than the full value of the detriment to the land, while, in fact, plaintiff should have been limited to the recovery of the full value of the detriment of the land. Again, there is no evidence to sustain such an instruction, all of the evidence of plaintiff having been limited to the value of the buildings without regard to the question of the amount of detriment done to the real estate by this removal."

We do not think the instruction admits of the first construction contended for by defendant. The jury surely understood that they must not find damages in excess of the amount of detriment suffered by plaintiff. An inspection of the complaint discloses that plaintiff's claim for damages was based upon the alleged actual values of the property removed. Her witnesses testified to such values. Although the court spoke of the detriment to the land, a jury of American citizens must have known that they were to base their verdict, if for the plaintiff, upon the testimony of the witnesses.

Appellant complains of the action of the court in sustaining an objection to the following questions propounded to his witness French, viz.: "Q. I will ask you to state if you knew the value of that land prior to the ninth day of May, 1904? Q. What is the value now?" We are unable to discover in the record any objections on the part of the defendant to the testimony of the plaintiff's witnesses as to the value of these buildings and fences, except the objection that they had not shown themselves qualified to testify. Having failed to object to the evidence of value as set forth in the complaint and proven by the plaintiff on the trial, the defendant cannot complain that he was not allowed to offer evidence of the value of the land before and after he removed plaintiff's improvements and substituted his own. Such a rule as is contended for by him might result in his escaping liability for removing improvements that plaintiff needed and valued, and putting in place thereof others of greater intrinsic value that plaintiff had no use for. The action of waste is predicated upon an injury to the inheritance, but this cause, at the trial, seems to have been regarded as more in the nature of an action for conversion of these buildings and fences. We have searched the record in vain for any objection on defendant's part to the measure of damages as contended for by the plaintiff.

Defendant's fifth assignment of error is that the court was wrong in sustaining an objection to a question propounded to the witness Wendall as to what conversation he had with plain-

tiff's husband. John H. Erbes was only a witness in the case. No conspiracy to defraud the defendant was proven, and no foundation had been laid for impeaching him.

Again, the witness Vennum was asked: "What did he say to you regarding that and that she owned an undivided half interest? A. He never said anything of that kind. Q. I asked you what he did say as to the ownership of his or her interest?" To this latter question the court sustained an objection, and appellant cites section 3125 of the Code of Civil Procedure, and contends that the question was a proper one, as calling for the declaration of a former owner while holding the title. The difficulty with appellant's position lies in the fact that no offer of proof was made, and we are unable to say, from a mere reading of the question, that it called for any information that would assist the court or jury in arriving at a decision.

Appellant then proceeds, on page 16 of his printed brief, as follows: "The court erred in sustaining the objection to the offering in evidence of Exhibits E and F (Tr. 119). The memoranda sought to be introduced was made at the time the bargain was made, and, under the provisions of section 3121 of the Code of Civil Procedure, we think that that memoranda of the trade, made right at the time, was competent evidence as a part of the *res gestae.*" We cannot find Exhibits E and F in the record. Section 3121 of the Code of Civil Procedure seems to refer to an entirely different subject and is evidently a wrong citation. It will be noted, however, from reading defendant's testimony, that the jury was fully informed as to when, where, and under what circumstances these memoranda were made, together with their contents, so that, in effect, they had before them everything asked for by the defendant, except the privilege of a physical inspection of the writings. We cannot say, having before us no other evidence than the jury had, that defendant was in any way prejudiced by the refusal of the court to admit these exhibits, formally, in evidence.

In our opinion, the cause should be remanded to the district court of Cascade county, with instructions to modify the judg-

ment herein by striking therefrom the portions designated as conclusions of law, and all other portions relating to the title to the premises, leaving therein only that part wherein it is adjudged that plaintiff have and recover of defendant the sum of $530 as damages, together with her costs. When so modified, the judgment will stand affirmed, each party paying his own costs of this appeal. And it is so ordered.

*Modified and affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.

Rehearing denied February 26, 1907.